## CATHELL vs. GOODWIN.—June, 1827.

The drawer of a dishonoured bill, who neither at the time he drew it, nor when it was presented, had any funds in the hands of the drawee, nor such expectation of its payment as would induce a merchant of common prudence and ordinary regard for his commercial credit to draw a like bill, is not entitled to notice of such dishonour.

Where the defendant drew a bill in favour of the plaintiff's wife, and thus authorised her, in express terms, to receive its amount—the bill being presented by her, and payment refused, in an action on the bill by the husband, the defendant cannot deny the wife's right to demand its payment.

Whether or not the drawer of a bill had reasonable grounds to expect that his bill would be honoured, and the facts upon which that question arises are admitted or undeniable, it is exclusively a matter of law to be pronounced by the court; but if the facts be controverted, or the proof be equivocal, or contradictory, then it becomes a mixed question, both of law and fact, in which case, the court hypothetically instruct the jury as to the law, to be by them pronounced accordingly as they may find the facts.

Under the money counts the plaintiff may recover, by evidence of the defendant's dishonoured bill, drawn payable to the order of the plaintiff's wife—the drawer, under the circumstances of this case, not being entitled to notice of the nonpayment of his draft.

APPEAL from *Baltimore* County Court. Action of *assumpsit* for money lent and advanced, paid, laid out and expended, and an *insimul computassent.* The defendant, (now appellee,) pleaded *non assumpsit,* and issue was joined. At the trial the plaintiff, (the appellant,) offered in evidence the following bill of exchange. "Mr. *Jno. Gooding.* Pay to the order of Mrs. *Matilda Cathell* five hundred dollars, and charge the same to your ob. st.

*Robt. M. Goodwin.*

$500.   June 24th, 1818."

And proved it to be in the handwriting of the defendant, and payable to the plaintiff's wife. And further proved that the said bill was presented to the witness, the drawee of the bill, by Mrs. *Matilda Cathell,* at which time he refused to pay the bill; and at that time, and at the time the bill was drawn, the drawee had not in his possession any funds belonging to the defendant. And the said witness, the drawee, further proved, that at the time the bill was presented to him for payment, he told Mrs. *Cathell,* that if funds should afterwards come into his possession, which he shortly expected, he would pay said bill,

and that Mrs. *Cathell* left the witness without reply. That funds did afterwards come into the witness' hands, but the bill was not again presented to him for payment, and that if it had been, he would have paid it. And further proved that the defendant, when he drew the bill, was indebted to the witness, the drawee, but that notwithstanding he would have paid the draft when funds came into his hands; and that the said funds were all disposed of for account of the drawer of the said bill. Upon which the defendant prayed the court to instruct the jury, that the plaintiff was not entitled to recover. Which instruction the Court, [*Hanson* and *Ward*, A. J.] gave to the jury. The plaintiff excepted. Verdict and judgment for the defendant, and the plaintiff appealed to this court.

The cause was argued at the last June term, before BUCHANAN, Ch. J. and STEPHEN, ARCHER, and DORSEY, J.

*R. Johnson* and *Gill*, for the Appellant, contended, that under the circumstances stated in the bill of exceptions, no notice of the refusal of the drawee of the bill to pay it, could be required by the drawer. They referred to *Eichelberger vs Finley & Van Lear*, 7 *Harr. & Johns.* 381. 2 *Phill. Evid.* 10, 21.

*Meredith* and *R. B. Magruder*, for the Appellee, cited *Eichelberger vs Finley & Van Lear*, 7 *Harr. & Johns.* 381. *Chitty on Bills*, 268. *Bailey on Bills*, 239, 240, 241. *Rucker vs Hiller*, 3 *Campb.* 217. S. C. 16 *East*, 43. *Robins vs Gibson*, 3 *Campb.* 334. *Blackhan vs Doren*, 2 *Campb.* 503. *Clopper vs Union Bank of Maryland*, 7 *Harr. & Johns.* 92.

*Curia adv. vult.*

DORSEY, J. at this term delivered the opinion of the court. To support the opinion of the court below, the appellee's counsel have relied on three positions, (either of which, if tenable, would be sufficient for their purpose,) viz. 1. That Mrs. *Matilda Cathell* was not competent to demand payment of the bill. 2. That she consented to receive a conditional acceptance, and thereby gave time to the acceptor. 3. That the drawer had reasonable grounds to expect that his bill would have been honoured.

There is nothing to sustain the *first* position. The defendant has in express terms authorised Mrs. *Cathell* to receive the amount of the bill. To deny her the right to demand it, would be sanctioning an absurdity for the mere purpose of working injustice.

The *second* position is equally untenable. The facts stated in the bill of exceptions would not have warranted the jury in finding Mrs. *Cathell's* acceptation of a conditional acceptance of the bill, much less are they of that conclusive, resistless character which would authorise the court to assume the fact, to the ascertainment of which a jury only were competent.

The *third* position was that most obstinately contended for, which was conceived to be impregnably fortified by that part of the rule established in *Eichelberger vs Finley & Van Lear,* 7 *Harr. & Johns.* 381, which dispenses with notice only where *the drawer had no reasonable grounds to expect that his bill would be honoured.* The reasonableness of such expectation is matter for the court, and not for the jury, to decide. If the facts, upon which the question arises, be admitted or be undeniable, then the question becomes exclusively a matter of law to be pronounced by the court; but if the facts be controverted, or the proof be equivocal or contradictory, then it becomes a mixed question both of law and fact, in which case, the court hypothetically instruct the jury as to the law, to be by them pronounced accordingly as they may find the facts. What are the facts to be found in this case justifying the drawer's expectation that his draft would have been paid? So far from having funds in the drawer's hands, he was his debtor—no proof of such a commercial intercourse between them as would imply a mutual credit—no previous promise by the drawee to accept this or any other draft for the drawer's accommodation—no consignment of goods to the drawee, which the drawer had any reason to expect would be received in time to meet his bill, but the only proof is, that the drawee informed the payee, that he expected funds of the drawer would shortly come to his hands, with which, when received, he would pay. That funds afterwards did arrive, but whether in one month, or five years after, does not appear. What may have been the expectations of the drawee, as to the receipt of funds from the drawer, is immate-

rial; they are not even admissible evidence in this cause. But if they were, they can have no influence on those of the drawer—into whose expectations only is the enquiry to be made. The facts in the cases of *Legge vs Thorpe,* 12 *East,* 170, and *Claridge vs Dalton,* 4 *Maule & Selw.* 226, afford much stronger evidence of a reasonable expectation in the drawers that their bills would be honoured, than those in the present case; yet there they were adjudged insufficient. The "reasonable grounds" required by law are not such as would excite an idle hope, a wild expectation, or a remote probability, that the bill might be honoured, but such as create a full expectation, a strong probability of its payment; such indeed as would induce a merchant of common prudence and ordinary regard for his commercial credit, to draw a like bill. The facts in this case constitute no such reasonable grounds. We therefore think that the county court erred in instructing the jury that the plaintiff was not entitled to recover, and consequently reverse their judgment.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.